IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERTO REYNA, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. CIV-10-458-W |
| ) | |
| H.A. LEDEZMA, WARDEN, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner is a federal prisoner currently in the custody of the Federal Bureau of Prisons (BOP) and incarcerated at the Federal Correctional Institution (FCI) in El Reno, Oklahoma. Appearing *pro se*, Petitioner brings this action pursuant to 28 U.S.C. § 2241 seeking federal habeas corpus relief. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent H.A. Ledezma, Warden of FCI El Reno, has filed a Response [Doc. #16], and Petitioner has replied [Doc. #18]. Respondent has also filed a Notice of Supplemental Authority [Doc. #19] to which Petitioner has filed an Objection [Doc. #20]. For the reasons set forth below, it is recommended that the Petition for Writ of Habeas Corpus be denied.

I. **Background**

Petitioner was convicted in the United States District Court for the Western District of Tennessee, Case No. 2:05CR20249-B, of Conspiracy with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846. Petitioner was sentenced on May 2, 2006, to a 105-month sentence with a 4-year term of supervised release. Petitioner's

projected release date is March 4, 2013, via Good Conduct Time Release.  *See* Response, Exhibit 1, Declaration of An Tran (Tran Declaration), ¶ 7.

On March 1, 2010, the BOP advised Petitioner that he did not qualify for the Residential Drug Abuse Program (RDAP).[1]  In support of this decision, the BOP stated:

> There is no verifying documentation to support a substance use disorder within the 12-month period before your arrest on your current offense.  You may volunteer for non-residential drug abuse programming.

*See* Response, Exhibit 2,  Declaration of Dr. Josh Briley (Briley Declaration), Attachment D, BOP Notice of RDAP Qualification.  In this habeas action, Petitioner challenges the BOP's decision denying him eligibility to participate in the RDAP.

## II.    **Petitioner's Claims**

Petitioner claims he has the right to participate in the RDAP and that the BOP has wrongfully denied him such participation.  Petitioner claims that at sentencing, the federal district judge recommended to the BOP that Petitioner be placed in a 500-hour drug program. *See* Petition, Attachment 2, Judgment.  Petitioner further claims the BOP has "unfairly and unreasonably" denied him participation based on a finding that Petitioner does not have a

---

[1]The Violent Crime Control and Law Enforcement Act of 1994 amended 18 U.S.C. § 3621 to require the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."  18 U.S.C. § 3621(b). To carry out this requirement, the BOP must provide residential substance abuse treatment for all eligible prisoners, subject to the availability of appropriations.  *See* 18 U.S.C. § 3621(e)(1).  An "eligible prisoner" is one who is "determined by the Bureau of Prisons to have a substance abuse problem," and who is "willing to participate in a residential substance abuse treatment program." 18 U.S.C. § 3621(e)(5)(B)(i) and (ii).  As an incentive for the successful completion of the RDAP, the BOP may, in its discretion, reduce the sentence of an inmate who has successfully completed the RDAP by up to one year.  *See* 18 U.S.C. § 3621(e)(2); *see also Lopez v. Davis*, 531 U.S. 230 (2001).

pattern of substance abuse or dependence. Petitioner claims the BOP has relied on materially false and unreliable information and that the denial of the right to participate in the RDAP violates his federal due process rights.[2]

Respondent seeks dismissal of the Petition on grounds that Petitioner has failed to exhaust administrative remedies. In the alternative, Respondent seeks denial of the Petition contending the claims raised are without merit. Because the Court finds Petitioner has not exhausted administrative remedies, the merits of the claims raised have not been addressed.

## III.  Analysis

Although § 2241 contains no express language requiring exhaustion of administrative remedies, Tenth Circuit precedent requires exhaustion as a prerequisite for § 2241 habeas relief. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). To satisfy the exhaustion requirement, a petitioner must complete all phases of the administrative process. As the Tenth Circuit explained in *Garza*:

> BOP regulations require a prisoner to attempt informal resolution of a complaint and, if that fails, to submit a formal request for an administrative remedy to the institution. See 28 C.F.R. §§ 542.13-14. If the inmate does not

---

[2]In pleadings filed subsequent to the Petition, Petitioner appears to attempt to recast the nature of his claims, challenging the voluntariness of his guilty plea and claiming the BOP has violated the terms of his federal sentence by denying him eligibility to participate in the RDAP. *See, e.g.* Reply [Doc. #18], Attachment 1, Affidavit in Support of § 2241 Petition; *see also* Objection [Doc. #20] and Notice [Doc. #21]. To the extent Petitioner attempts to challenge the validity of his conviction and sentence, such claims are not cognizable in this § 2241 action. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. . . . *A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence*." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996) (emphasis added) (citations omitted).

obtain a satisfactory resolution from the institution itself, he then may file a regional appeal followed by a national appeal. Id. § 542.15(a).

*Garza*, 596 F.3d at 1204; *see also*, Response, Tran Declaration, ¶¶ 3-4 (setting forth BOP's administrative remedy procedure).

Petitioner makes the following allegations in the Petition regarding his exhaustion of administrative remedies:

> Petitioner has proceeded to the BP-10 with no relief. Petitioner hereby waives the exhaustion requirement brought in this 2241 habeas claim because the Respondent and BOP has denied administrative relief based on a published BOP policy at the first level of administrative review.

*See* Petition at electronic page 10.[3] Petitioner also attached to the Petition the response by Warden Ledezma to his BP-10, denying Petitioner's request for reconsideration for the RDAP. *See* Petition, Attachment 1. Petitioner offers no further evidence of his efforts towards exhaustion of administrative remedies.

As Respondent has demonstrated, Petitioner began the administrative remedy process available through the BOP, but did not complete it. On April 2, 2010, Petitioner submitted a formal request to staff at FCI El Reno, requesting early release, and the request for relief was denied on April 15, 2010. Petitioner then appealed the Warden's denial of relief by

---

[3]As set forth in the Tran Declaration:

> The Regional Administrative Remedy Appeal to the Regional Director is commonly referred to as a 'BP-10', and the Central Office Administrative Remedy Appeal to the General Counsel is commonly referred to as a 'BP-11'.

*See* Response, Tran Declaration, ¶ 3.

filing a regional appeal. The Regional Director denied Petitioner's appeal on May 25, 2010. Petitioner filed the instant action on May 4, 2010, before receiving the denial of his regional appeal. Moreover, Petitioner did not thereafter complete the administrative remedy process by filing a national appeal. *See* Response, Exhibit 1, Tran Declaration, ¶¶ 7-11. Significantly, in his Reply, Petitioner does not challenge any of the facts submitted by Respondent on the issue of exhaustion of administrative remedies.

Petitioner does claim, however, that he should not be required to further exhaust administrative remedies because it would be futile to do so. The Tenth Circuit has recognized a "narrow" futility exception to § 2241's exhaustion requirement. *See Garza,* 596 F.3d at 1203. But here, Petitioner's claim of futility is without merit.

Petitioner cites *Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (10th Cir. 1993), and a number of unpublished opinions from this judicial district[4] as support for his claim that exhaustion would be futile. This authority is inapposite. In each of these cases, exhaustion was found to be futile because of categorical denials by the BOP, without consideration of individual facts or circumstances. Here, conversely, the BOP's decision to deny Petitioner eligibility to participate in the RDAP is based on facts unique to Petitioner, specifically, his drug abuse history and the evidence pertinent thereto. *See, e.g.*, Response, Exhibit 2, Briley Declaration, ¶¶ 6-8 (discussing BOP's process for determining RDAP

---

[4]*See* Petition at electronic page 10 *citing Parker v. Peterson*, CIV-04-8826 (W.D. Okla. Oct. 28, 2004) (Cauthron, J.); *Evans v. Peterson*, CIV-04-1160-W (W.D. Okla. Jan. 3, 2005) (West, J.); *Moore v. Kastner*, CIV-09-306-M (W.D. Okla. July 10, 2009) (Miles-LaGrange, C.J.).

eligibility and his review of specific facts contained in Petitioner's file that were considered for determining Petitioner was ineligible). As in *Garza*, here, the record does not reflect the BOP's decision to deny Petitioner eligibility for participation in the RDAP is the result of "any policy of categorical denial." *Id.*, 596 F.3d at 1204.

On the record presented, therefore, Petitioner has not exhausted administrative remedies nor has he shown exhaustion would be futile. As the Tenth Circuit concluded in *Garza*, and as applicable here, Petitioner "must go through the administrative remedy process as a prerequisite to filing a habeas petition." *Id.*, 596 F.3d at 1205. Accordingly, this action should be dismissed for failure to exhaust administrative remedies.

## RECOMMENDATION

It is recommended that the Petition [Doc. #1] seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be dismissed for failure to exhaust administrative remedies.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by September 13th, 2010. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this ___23rd___ day of August, 2010.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE