IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

ROBERTO REYNA, )
)
    Petitioner, )
)
vs. ) No. CIV-10-458-W
)
H.A. LEDEZMA, Warden, )
)
    Respondent. )

## ORDER

On August 23, 2010, United States Magistrate Judge Valerie K. Couch issued a Report and Recommendation in this matter and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed pursuant to title 28, section 2241 of the United States Code by petitioner Roberto Reyna, proceeding pro se, be dismissed for failure to exhaust administrative remedies. The parties were advised of their right to object, and the matter comes now before the Court on Reyna's Objection to Magistrate's Report and Recommendation.

Upon de novo review of the record, the Court concurs with Magistrate Judge Couch's suggested disposition of this matter. Reyna pleaded guilty to, and was convicted of, conspiracy with intent to distribute a controlled substance in violation of title 21, section 846 of the United States Code in the United States District Court for the Western District of Tennessee. United States v. Reyna, No. 2:05CR20249-B. On May 2, 2006, Reyna was sentenced to a term of imprisonment of 105 months, with a four (4) year term of supervised release. The district court recommended to the Bureau of Prisons ("BOP") that Reyna be permitted to participate in the "500 Hour Drug Program." Corrected Judgment (February

14, 2007). Reyna is currently incarcerated at Federal Correctional Institution in El Reno, Oklahoma, and he has a projected release date of March 4, 2013, via good conduct time release.

Pursuant to Reyna's request on January 21, 2010, that he be permitted to participate in the Residential Drug Abuse Program ("RDAP"), the BOP on March 1, 2010, advised Reyna that he did not qualify for the RDAP,[1] and consequently, was not eligible for the early release incentive set forth in title 18, section 3621(e) of the United State Code.

In the instant Petition, Reyna has contended that the BOP has wrongfully denied him the right to participate in the RDAP and has "concluded unfairly and unreasonably" that he lacked certain "verifying documentation to support a substance use disorder within the 12-month period before . . . [his] arrest on . . . [his] current offense."

The Court has not addressed the merits of Reyna's claims because, as Magistrate Judge Couch found, Reyna has failed to exhaust his administrative remedies. "The exhaustion of available administrative remedies is a prerequisite for [section] 2241 habeas relief," Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010)(citation omitted), and to satisfy this requirement, a petitioner must complete all phases of the administrative process. E.g., id. at 1204 (citing 28 C.F.R. §§ 542.13, 542.14). The United States Court of Appeals for the Tenth Circuit has recognized "[a] narrow exception to the exhaustion requirement," id. at 1203, and to fall within this exception, "a petitioner . . . [must] demonstrate that exhaustion is futile." Id. (citations omitted).

---

[1] See Declaration of Josh Briley, Ph.D. (June 18, 2010).

It is undisputed that Reyna began the administrative remedy process regarding RDAP participation eligibility, but did not complete it, and the Court finds that Reyna has failed to show that completion of the administrative process would have been futile.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 22] issued on August 23, 2010; and

(2) DISMISSES without prejudice the instant Petition file-stamped May 4, 2010, for failure to exhaust available administrative remedies.

ENTERED this 12th day of October, 2010.

LEE R. WEST
UNITED STATES DISTRICT JUDGE